## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| NATASHA AUKHERT<br>9706 Pleasant Gate Lane<br>Potomac, MD 20854 | * * * * | |
| JENNIFER FAIRFAX<br>9120 Kevin Kraig Road<br>Lorton, VA 22079 | * * * * * | |
| PLAINTIFFS, | * * | |
| v. | * * | Case No.: 1:22-cv-655 |
| PRITT INVESTMENT PARTNERS, LLC<br>10109 Valley Dale Lane<br>Marshall, VA, 20115 | * * * * | |
| Serve:  Scott H. Tripp<br>         10109 Valley Dale Lane<br>         Marshall, VA, 20115 | * * * * | |
| and | * * | |
| SCOTT H. TRIPP<br>10109 Valley Dale Lane<br>Marshall, VA, 20115 | * * * * | |
| DEFENDANTS. | * | |

## **COMPLAINT**

Plaintiffs, Natasha Aukhert ("Aukhert") and Jennifer Fairfax ("Fairfax") (together, "Plaintiffs"), submit this Complaint against Defendants Pritt Investment Partners, LLC ("PIP") and Scott H. Tripp ("Tripp") (together, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA") and the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29 *et seq.* ("VWPA"), common law breach of contract, and *Quantum Meruit/*Unjust Enrichment, as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiff Aukhert is an adult resident of the State of Maryland.

2. Plaintiff Fairfax is an adult resident of the Commonwealth of Virginia.

3. By authorizing their counsel to file this action, Plaintiffs have consented to participate as Plaintiffs in an FLSA action

4. Defendant PIP is a Maryland and Wyoming limited liability company with its principal office located at 10109 Valley Dale Lane, Marshall, VA, 20115.  PIP is not registered with the Commonwealth of Virginia State Corporation Commission to conduct business in Virginia.

5. Defendant Tripp is an adult resident of Virginia and the owner and manager of Defendant PIP.  At all times relevant to this Complaint, Tripp made all relevant decisions regarding Plaintiffs' compensation, including how much, when, and if to pay Plaintiffs.

6. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendants within the meaning of the FLSA and Va. Code Ann. § 40.1-28.9(A).

7. At all times relevant to this Complaint, Defendants were each Plaintiff's "employer" as that term is defined in the FLSA and by Va. Code Ann. § 40.1-28.9(A).

8. At all times relevant to this action, PIP was an enterprise engaged in interstate commerce within the meaning of the FLSA. At all times relevant to this action, PIP has had an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."  Subject matter jurisdiction is invoked under 28 U.S.C. §

1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

10. Fairfax was hired by Defendants as a Controller to assist with PIP's financial matters on about July 6, 2021, at an annual salary of $165,000.00.  Aukhert was hired on about July 12, 2021, also as a Controller. Aukhert was promised an annual salary of $210,000.00.  At all times relevant, both Fairfax and Aukhert worked full-time for Defendants.

11. Financial problems arose almost immediately after their hiring.  Fairfax was paid only one time, in the amount of $4,699.88.  She is owed $46,979.17 in salary through her resignation date, November 5, 2021.  In addition, she is owed $25,000.00 for a bonus promised to her by Defendants if she would stay on, despite the company's financial difficulties and lack of wages paid to her, which she did.  Fairfax is also owed $6,160.01 in unpaid FICA taxes.  The total owed to Fairfax is $78,139.18.

12. Aukhert worked for Defendants through January 19, 2022.  Aukhert was paid three times, in the total amount of approximately $14,000.  These payments were not processed through the payroll system and no taxes were taken out, in violation of Federal and State law. Aukhert is owed $96,465.75 in unpaid salary, $12,837.26 in unpaid FICA taxes, plus a bonus of $50,000.00, which Tripp promised her if she would stay on despite not being paid, ostensibly while the funding situation was being straightened out, which she did until her resignation.  The total owed to Aukhert is $159,303.01.

13. Tripp made repeated assurances to Plaintiffs – and others – that money was coming in and urged them to continue working.  Plaintiffs continued to work at PIP based on these representations and the promise that Tripp would pay all back wages due plus the promised

bonuses. Tripp even stated at one point that the money to pay them and fund the operations of PIP had, in fact, come in and was being wired into the company account. On information and belief, these representations were false, and were made to keep Plaintiffs working despite no compensation being paid to them. In fact, the money was never wired into the company account or received in any other way.

## COUNT I
### Violation of FLSA
### (Minimum Wages)

14. Plaintiffs reallege and reassert each and every allegation set forth in the paragraphs above as if each were set forth herein.

15. Plaintiffs were "employees" and Defendants were their "employer" within the meaning of the FLSA. As Plaintiffs' "employer," Defendants were obligated to pay Plaintiffs at least the minimum wage compensation required by the FLSA, which at all times relevant has been $7.25 per hour.

16. Defendants, as Plaintiffs' "employer," were obligated to compensate Plaintiffs at least at the minimum wage required by the FLSA for all hours worked in each workweek.

17. Defendants had actual or constructive knowledge of all hours worked by Plaintiffs. Nonetheless, Defendants willingly and knowingly paid Plaintiffs nothing, well below the statutorily-required minimum wage, for many hours worked, instead of at the minimum wage rate required by the FLSA.

## COUNT II
### Violation of Virginia Wage Payment Act
### (Unpaid Wages)

18. Plaintiffs re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

19. The VWPA mandates that employers must pay their employees all wages they are

due, including all wages that are promised in consideration for work performed.

20. As set forth above, Defendants failed and refused to pay wages to Plaintiffs, including salary, promised bonuses, and unpaid FICA payments. Defendants' failure and refusal to pay Plaintiffs as required by the VWPA was knowing inasmuch as Defendants had actual knowledge of their obligation to pay Plaintiffs wages due, or Defendants acted in deliberate ignorance of or with reckless disregard of that obligation.

21. As a result of Defendants' unlawful conduct, Plaintiffs have suffered a loss of wages.

## COUNT III
## Breach of Employment Contract

22. Plaintiffs reallege and reassert each and every allegation set forth above as if each were set forth herein.

23. Plaintiffs were promised wages by Defendants in consideration of their work for Defendants. Such promises constituted employment contracts. Despite full performance by Plaintiffs, Defendants have breached such contracts by failing to pay Plaintiffs amounts promised and due pursuant to their contracts, in the amount of approximately $159,303.01 for Aukhert and approximately $78,139.18 for Fairfax. The failure to pay by Defendants constituted a breach of Plaintiffs' employment contracts.

24. As a consequence of the breach by Defendants of their employment contracts, Plaintiffs have been damaged.

## COUNT IV
## Quantum Meruit/Unjust Enrichment

25. Plaintiffs reallege and reassert each and every allegation set forth above as if each were set forth herein.

26. Plaintiffs plead this Count IV in the alternative to Breach of Contract (Count III).

27. Plaintiffs provided extensive services to Defendants during their employment, with the intention of receiving payment therefor. Defendants received considerable benefits from Plaintiffs' efforts. Defendants, however, have failed and refused to pay for services rendered by Plaintiffs, notwithstanding their receipt of valuable services far in excess of amounts paid to Plaintiffs.

28. Defendants had knowledge of the benefit conferred upon them during this period and knew that Plaintiffs expected to be paid for such services rendered. Plaintiffs made considerable efforts to have Defendants pay amounts due but Defendants have failed and refused to do so. Defendants' acceptance and retention of the benefits conferred upon them by Plaintiffs make it inequitable and unjust for Defendants to retain these benefits without payment of their value.

29. As a consequence of Defendants' failure to pay the full amount for services rendered by Plaintiffs, and receiving considerable benefits beyond amounts paid, Plaintiffs have suffered damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Order Defendants to pay to Plaintiffs all wages owed, consistent with the FLSA and the VWPA;

2. Award Plaintiffs liquidated damages under the FLSA in the amount of all minimum wages awarded;

3. Award Plaintiffs treble damages for all wages awarded pursuant to the VWPA;

4. Award Plaintiffs reasonable attorney's fees and costs;

5. Award Plaintiffs prejudgment interest;

6. Award Plaintiffs amounts due for breach of their employment agreements, in the amount of $159,303.01 for Aukhert and $78,139.18 for Fairfax, or such other and further amounts as are determined at trial;

7. In the alternative to contract damages, award Plaintiffs amounts due for *quantum meruit*/unjust enrichment, in the amount of $159,303.01 for Aukhert and $78,139.18 for Fairfax, or such other and further amounts as is determined at trial; and

8. Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Mariusz Kurzyna*
Mariusz Kurzyna (Bar No. 97545)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*