UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NATASHA AUKHERT, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> PRITT INVESTMENT PARTNERS, LLC <br><br> and <br><br> SCOTT H. TRIPP <br><br> *Defendants*. | Case No. 1:22-cv-00655 (MSN/WBP) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Objection (ECF 58) to the Magistrate Judge's Report and Recommendations (ECF 57) ("R&R") that this Court grant-in-part and deny-in-part Plaintiffs' Motion for Default Judgment (ECF 49). For the below reasons, the Court will adopt the R&R and overrule Plaintiffs' objections.

I.   BACKGROUND

A.   Factual Background

Defendant Pritt Investment Partners, LLC ("PIP") is an investment services company, and Defendant Scott H. Tripp ("Tripp") (together, "Defendants") is the sole owner and manager of PIP. ECF 40 ("Second Am. Compl.") ¶¶ 5–6. Plaintiff Jennifer Fairfax worked for Defendants as a Controller from July 6, 2021, to November 5, 2021, and was promised an annual salary of $165,000. ECF 49-1 at 2; ECF 49-8. Natasha Aukhert worked for Defendants as a Controller from July 12, 2021, to January 19, 2022, and was promised an annual salary of $210,000. ECF 49-1 at 2–3; Aukhert Decl., ECF 49-2 ¶ 6; ECF 49-10. Louice Florio worked for Defendants as Chief

Financial Officer from March 1, 2021, to November 5, 2021. ECF 49-1 at 3. Florio was first promised a salary of $250,000 per year, later increased to $600,000 per year, with a fixed annual bonus of $100,000. *Id.*; ECF 49-14; Florio Decl., ECF 49-4 ¶ 12. After Fairfax, Aukhert, and Florio quit in 2021, Defendants hired Christopher Soucie. ECF 49-1 at 11–12. Soucie worked for Defendants as the Chief Operating Officer from May 2, 2022, to January 26, 2023, and was promised an annual salary of $275,000 per year. ECF 49-13; ECF 49-1 at 3.

Defendants paid Fairfax once, on August 18, 2021. *Id.* Defendants paid Aukhert three times: on July 27, 2021, August 20, 2021, and December 5, 2021. *Id.* Defendants paid Florio twice: on April 26, 2021 and August 18, 2021. *Id.* at 3–4. Defendants never paid Soucie. *Id.* at 4. Tripp repeatedly assured Plaintiffs that money was coming into PIP to pay them, including bonuses, and he urged them to keep working. *Id.*; Florio Decl., ECF 49-4 ¶ 11. Despite being unable to pay Plaintiffs, Tripp lived a "lavish lifestyle." Florio Decl., ECF 49-4 ¶ 13; Soucie Decl., ECF 49-5 ¶ 11. Frustrated with Tripp's empty promises and failure to pay them for their work, Plaintiffs all resigned from their positions. ECF 49-1 at 11–12.

B.   **Procedural History**

Plaintiffs sued PIP and its owner and operator, Tripp, for failing to pay them their contracted salaries. *Id.* at ¶¶ 11–23. On November 6, 2023, Plaintiffs amended their Complaint for the final time, which contained eight counts: "Violation of FLSA (Minimum Wages)" (Count I); "Violation of VMWA (Minimum Wages)" (Count II); "Violation of FLSA (Overtime)" (Count III); "Violation of Virginia Wage Payment Act (Unpaid Wages)" (Count IV); "Breach of Employment Contract" (Count V); "Quantum Meruit/Unjust Enrichment" (Count VI); "Actual Fraud" (Count VII); and "Constructive Fraud" (Count VIII). Second Am. Compl. at 5–9. Defendants failed to respond in any way to the Second Amended Complaint.

On March 5, 2024, Plaintiffs asked the Clerk to enter default against Defendants (ECF 46) which the Clerk entered on March 7, 2024 (ECF 47). On August 16, 2024, Plaintiffs filed the instant Motion against both Defendants. ECF 49. On September 9, 2024, Plaintiffs filed a supplemental memorandum in support of the Motion for Default Judgment. ECF 53. On December 6, 2024, counsel for Plaintiffs appeared for the Motion; no one appeared for Defendants. On December 13, 2024, Plaintiffs filed a supplemental memorandum in support of the Motion for Default Judgment. ECF 56.

On December 16, 2024, the Magistrate Judge issued his R&R, recommending that the Court grant-in-part and deny-in-part the Motion for Default Judgment. The Magistrate Judge recommended granting the Motion for Default Judgment with respect to Counts I–V. The Magistrate Judge recommended denying the Motion for Default Judgment with respect to Counts VI–VIII. Relevant here, in denying Plaintiffs Motion for Default Judgment regarding Counts VII (actual fraud) and VIII (constructive fraud), the Magistrate Judge found that "no facts [had] been offered that demonstrate Defendants' intent not to perform the employment promises at the time of or before the agreements were executed." R&R at 18. The Magistrate Judge also found that Plaintiffs' "exclusive remedy lies solely in contract," therefore barring any tort claim. *Id.* at 19.

The Magistrate Judge recommended awarding Plaintiffs unpaid minimum wages, liquidated damages, damages under the VWPA[1], and attorney's fees and costs. *Id.* at 22, 24–26, 27, 29–30, 33–34. The Magistrate Judge found that punitive damages and prejudgment interest were not appropriate. *Id.* at 31, 34. The Magistrate Judge found Tripp joint and severally liable for

---

[1] The Magistrate Judge explained that the Plaintiffs' breach of contract damages were "coterminous" with their VWPA damages, and that Plaintiffs cannot recover more than once per injury. R&R at 27. As such, the Magistrate Judge assessed damages for both claims under the VWPA. *Id.*

3

FLSA and VMWA damages due to his nature as an employer. R&R at 34–35. The Magistrate Judge found Tripp was not joint and severally liable for breach of contract and VWPA damages because he was not "individually obligated under the terms of the Plaintiffs' employment contracts." *Id.* at 36.

On December 27, 2024, Plaintiffs timely filed an objection to the Magistrate Judge's R&R. ECF 58. Plaintiffs make only one objection. Plaintiffs argue that Tripp "is liable for constructive fraud" because "Plaintiffs established that Defendants never intended to pay Plaintiffs when they made promises to do so." *Id.* at 1.

## II. LEGAL STANDARD

### A. Default Judgment and Constructive Fraud

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The party seeking entry judgment must then "apply to the court for a default judgment." *Id.* 55(b)(2). A party in default "admits the plaintiff's well-pleaded allegations of facts, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). Before entry of default, the Court must determine whether the "well-pleaded allegations in the [Plaintiff's] complaint support the relief sought in this action." *See id*. (citation omitted). "This is so because default is a harsh measure because it ignores the merits, and the Fourth Circuit has a strong policy that cases be decided on the merits." *Gomez v. Midlo Floors LLC*, No. 3:22cv746, 2024 WL 556650, at *3 (E.D. Va. Feb. 12, 2024) (citations omitted) (cleaned up).

To establish actual fraud in Virginia, a plaintiff must prove by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with the intent to mislead, (5) reliance by the party misled, and (6) resulting in damage to the party misled. *See Transamerica Life Ins. Co. v. Kaufmann,* No. 5:20-cv-059, 2023 WL 5810488, at *4 (W.D. Va. Sept. 7, 2023) (quoting *Van Deusen v. Snead*, 441 S.E.2d 207, 209 (Va. 1994)). A claim for constructive fraud is similar, with the exception that the false representation of material fact must be "made innocently or negligently[.]" *Blair Const., Inc. v. Weatherford*, 253 Va. 343, 346 (1997).

### B. Review of Report and Recommendation

Once a Magistrate Judge has issued a report and recommendation, the responsibility for making a final determination remains with the District Court, which must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

Plaintiffs do not object to the Magistrate Judge's determination of liability for Counts I–V. Plaintiffs also do not object to the Magistrate Judge's determination of no liability with respect to Counts VI and VII.[2] Upon review, the Court will adopt those findings. The Court also considered Plaintiff's specific objections with respect only to the constructive fraud claim (Count VIII), and

---

[2] As explained by Plaintiffs, "Although Plaintiffs agree with the vast majority of the Magistrate Judge William B. Porter's December 16, 2024 Report and Recommendations ('the R&R'), the R&R incorrectly concluded that Plaintiffs failed to state a claim for constructive fraud." ECF 58 at 1.

will overrule those objections for the reason described below, thus adopting the remainder of the Magistrate Judge's R&R.

> A. **Plaintiffs' Constructive Fraud Claim Does Not Satisfy the Independent Tort Doctrine**

Plaintiffs argue that their allegations that Defendants "[n]ever [i]ntended to [p]ay Plaintiffs," sufficiently alleged a tort, constructive fraud, that is independent of the duties Defendants owed to the Plaintiffs as a result of their employment contracts. *See* ECF 58 at 1–7.

However, a constructive fraud cause of action does not satisfy the independent tort doctrine. The independent tort doctrine functions to preserve the distinction between breach of contract and fraud causes of action. The doctrine provides that "an action based upon fraud must aver the misrepresentation of present pre-existing facts, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events, lest every breach of contract ... be made the basis of an action in tort for fraud." *JTH Tax, Inc. v. Aime*, 744 F. App'x 787, 794 (4th Cir. 2018) (citations omitted). An action for fraud is "predicated on promises which are made with a present intention not to perform them when the fraud is based not on the breach of the agreement to perform, but the fraudulent intent." *Id.* (citations omitted). The nature of a fraud claim in this limited scenario is described as follows:

> [T]he gist of fraud in such case is not the breach of the agreement to perform, but the fraudulent intent.... [T]he fraudulent purposes of the promisor and his false representation of an existing intention to perform ... is the misrepresentation of a fact.... [T]he state of the promisor's mind at the time he makes the promise is a fact, and ... if he represents his state of mind ... as being one thing when in fact his purpose is just the contrary, he misrepresents a then existing fact.

*Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 362–63 (2010) (quoting *Boykin v. Hermitage Realty*, 234 Va. 26, 29 (1987)); *see also Lowe's Island v. NVKettler*, No. 13174, 1991 WL 835182, at *3 (Va. Cir. Ct. Sept. 23, 1991) (citing *Colonial Ford v. Schneider*, 228 Va. 671, 677 (1985)) ("When he makes the promise, intending not to perform or without the intent to perform, his

6

promise is a misrepresentation of present fact, and if made to induce the promisee to act to his detriment, is actionable as fraud.").

Plaintiffs' objection fails because a constructive fraud cause of action is incompatible with the scienter requirements of the independent tort doctrine. A constructive fraud cause of action requires the Defendants to have made a false representation of material fact "innocently or negligently[.]" *Blair Const., Inc.*, 253 Va. at 346; *see also Filak v. George*, No. CL02-34, 2002 WL 31431890, at *6 (2002) ("[A constructive fraud cause of action] does not impose any state-of-mind requirement like that necessary for a showing of actual fraud. The culpability range begins with a false representation innocently made and goes no higher than one negligently made."). The Virginia Supreme Court explained that actual and constructive fraud are "two separate and distinct causes of action," and that in a cause of action for constructive fraud "'the misrepresentation of material fact is not made with the intent to mislead, but is made innocently or negligently although resulting in damage to the one relying on it.'" *Blair Const., Inc.*, 253 Va. at 346 (1997) (quoting *Evaluation Rsch. Corp. v. Alequin*, 247 Va. 143, 148 (1994)).

However, to satisfy the independent tort doctrine Defendants must have made representations with "fraudulent intent," or in other words, with the "present intention" not to perform the promises. *Abi-Najm*, 280 Va. at 362; *JTH Tax, Inc.*, 744 F. App'x at 794. That requirement is not fulfilled by a constructive fraud cause of action, which only requires the Defendant to have made a false statement negligently or innocently. *See Blair Const., Inc.*, 253 Va. at 348 (finding the plaintiff's reliance on cases regarding actual fraud causes of action was "misplaced" when attempting to prove her constructive fraud claim); *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677 (1985) ("When he makes the promise, intending not to perform, his promise is a misrepresentation of present fact, and if made to induce the promisee to act to his

7

detriment, is actionable as an actual fraud.") (citations omitted). As stated in this jurisdiction, "the fraud exception … is applicable only for actual fraud, not constructive fraud." *Filak*, 2002 WL at *6; *Kruglyak v. Home Depot U.S.A., Inc.*, No. 1:22-CV-024, 2024 WL 4310872, at *8 (W.D. Va. Sept. 26, 2024), *reconsideration denied*, No. 1:22-CV-024, 2024 WL 4594265 (W.D. Va. Oct. 28, 2024) ("[W]hile the economic loss rule does not bar claims of actual fraud in the inducement, it bars claims for constructive fraud."); *Virginia Transformer Corp. v. P.D. George Co.*, 932 F. Supp. 156, 163 (W.D. Va. 1996) ("Thus the fraud exception to the economic loss rule is solely for actual fraud[.]"); *NAP Chesterfield L.P. v. J.H. Martin & Sons, Contractors, Inc.*, No. CL99-285, 1999 WL 1486250, at *4 (Va. Cir. Ct. Nov. 18, 1999) (positively citing *Virginia Transformer Corp.* when sustaining demurrer for constructive fraud claim). To rule otherwise would ignore the differences between actual and constructive fraud and would destroy distinctions between breach of contract and fraud causes of action.

Because a constructive fraud cause of action does not satisfy the independent tort doctrine, the Court finds that Plaintiffs' remedy lies solely in contract and will adopt the Magistrate Judge's recommendation.

## IV.   CONCLUSIONS

For the foregoing reasons, it is hereby

**ORDERED** that the Magistrate Judge's Report and Recommendation, ECF 57, on Plaintiffs' Motion for Default Judgment, ECF 49, is **ADOPTED** in full; and it is further

**ORDERED** that Plaintiffs' Objection, ECF 58, to the Report and Recommendation is **OVERRULED**; and it is further

**ORDERED** that judgment by default against Defendants Pritt Investment Partners, LLC and Scott Tripp and in favor of Plaintiffs is **ENTERED** for Counts I–V only; it is further

**ORDERED** that judgment by default against Defendants Pritt Investment Partners, LLC and Scott Tripp and in favor of Plaintiffs is **DENIED** for Counts VI–VIII; it is further

**ORDERED** that Plaintiff Natasha Aukhert is awarded judgment against Defendant PIP in the amount of $425,743.84, and that up to $41,408.56 of that total is recoverable, jointly and severally, against Defendant Tripp.

**ORDERED** that Plaintiff Jennifer Fairfax is awarded judgment against Defendant PIP in the amount of $241,788.58, and that up to $31,271.58 of that total is recoverable, jointly and severally, against Defendant Tripp.

**ORDERED** that Plaintiff Louice Florio is awarded judgment against Defendant PIP in the amount of $1,060,600.24, and that up to $67,225.14 of that total is recoverable, jointly and severally, against Defendant Tripp.

**ORDERED** that Plaintiff Christopher Soucie is awarded judgment against Defendant PIP in the amount of $624,353.98, and that up to $95,416.58 of that total is recoverable, jointly and severally, against Defendant Tripp.

The Clerk is hereby directed to enter judgment in accordance with the foregoing.

It is **SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

March 14, 2025
Alexandria, Virginia